## No. 6635.

### BERNARD SCHOEMBS VS. JOSEPH KRIEGER.

The purchaser at a tax-sale cannot proceed by Rule against the former owner to be put in possession. He must institute a suit by Petition and Citation. Affirming Decision in 32 An. 704.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J.

*B. C. Elliott* for Appellant.

*Geo. H. Braughn* for Appellee.

The opinion of the Court was delivered by

TODD, J. This is an appeal taken by Mrs. Annie Hoffman, duly authorized by her husband, from a judgment rendered by the late Fourth District Court of the parish of Orleans, on the 6th March, 1876.

The appellant is a third person who claims to have been aggrieved by said judgment, and has shown an appealable interest.

The plaintiff in the case, claiming to be the purchaser at a tax-sale of certain immovable property, situated in the city of New Orleans, proceeded by rule against the defendant, the former owner, to be put in possession of the property.

The defendant filed an exception, denying the right of the plaintiff to proceed by rule in such a case, which was overruled. Subsequently, an answer was filed and judgment rendered against the defendant, making the rule absolute, and requiring the sheriff to put plaintiff in possession of the property in question, and it is from this judgment that the appellant, not a party to the proceedings in the lower court, has taken this appeal.

We have been favored with no argument, oral or printed, from the

plaintiff's counsel. The appellant's counsel invokes the decision in the case of Fischel vs. Mercier, 32 An. 704, recently rendered by us, as authority for the reversal of the judgment. We held in that case that a purchaser of immovable property at a tax-sale could not legally proceed by a rule to be placed in possession of the property. That ruling is applicable to the present case, the two cases being strictly parallel. The exception filed by the defendant in this case in the court *a qua* should have been sustained.

We express no opinion in regard to the rights of the appellant against the property in question, nor as to the validity of the tax-sale relied on by plaintiff as investing him with a title to the property; but simply decide that the remedy adopted by him to get possession of the property was illegal and unwarranted.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered by the lower court, it is further ordered, adjudged and decreed that the suit or proceeding be dismissed, plaintiff and appellee to pay costs of appeal.